**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 6**

Docket No. DA-1221-14-0006-W-1

**James Webb,**

**Appellant,**

**v.**

**Department of the Interior,**

**Agency.**

January 13, 2015

John-Michael Lawrence, Esquire, New Orleans, Louisiana, for the appellant.

Martin R. Steinmetz, Esquire, Tulsa, Oklahoma, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

The appellant has filed a petition for review of the initial decision which denied his request for corrective action under the Whistleblower Protection Act. We DENY the petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order.

## BACKGROUND

The appellant filed an individual right of action (IRA) appeal with the Board challenging several personnel actions based upon his making two alleged protected disclosures. Initial Appeal File (IAF), Tabs 1, 6. In his request for

corrective action, the appellant argued that he made a protected disclosure when he authored a position paper advocating for a different organizational restructuring pursuant to the Secretary of the Interior's directive separating and reassigning the responsibilities that had been conducted by the Mineral Management Service (MMS) into new management structures and that he made a separate protected disclosure on July 22, 2013, in an email to several agency officials when he expressed his concern with the agency's proposed change to fees it charged for certain permits.  IAF, Tab 6 at 4.

¶3        The appellant exhausted his whistleblower complaint with the Office of Special Counsel (OSC), IAF, Tab 1, and, after a period of prehearing discovery, the administrative judge issued an initial decision denying the appellant's request for corrective action, IAF, Tab 54, Initial Decision (ID).[1]  In his initial decision, the administrative judge found that the appellant failed to nonfrivolously allege that his first disclosure was a protected disclosure because it consisted of a policy dispute and did not otherwise evidence one of the categories of wrongdoing listed in 5 U.S.C. § 2302(b)(8).  ID at 5-8.

¶4        As to the appellant's second disclosure, the administrative judge found that, although the appellant nonfrivolously alleged facts establishing the Board's jurisdiction over this disclosure, he failed to establish by a preponderance of the evidence that he reasonably believed that his email disclosed a violation of a law, rule, or regulation.  ID at 10.  Specifically, the administrative judge found that, although the appellant initially expressed skepticism over the agency's proposed change to the fees it charged certain permit applicants, after engaging in a series of email exchanges with several agency officials, the appellant stated that he understood the basis for the proposed change and had "no problem with the policy now that it has been clearly explained."  IAF, Tab 43, Subtab 1 at 37.

---

[1] The appellant requested a decision on the written record on the day of the hearing.  ID at 1 n.1.

Based on the appellant's statement, the administrative judge found that the appellant could not establish that he had a reasonable belief that he had disclosed a violation of law, rule, or regulation, and he denied the appellant's request for corrective action.  ID at 14.

¶5      The appellant has filed a petition for review challenging both of the administrative judge's findings.  Petition for Review (PFR) File, Tab 1 at 9, 15. The agency has not filed a response.

ANALYSIS

¶6      In order to establish a prima facie case of reprisal for whistleblowing, the appellant must prove, by preponderant evidence, that:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. § 1221(e)(1); *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 12 (2011).  If the appellant makes out a prima facie case, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(2); *see Fellhoelter v. Department of Agriculture*, 568 F.3d 965, 970-71 (Fed. Cir. 2009).  To establish that an appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8), an appellant need not prove that the matter disclosed actually established one of the categories of wrongdoing listed under section 2302(b)(8)(A); rather, he must show that the matter disclosed was one which a reasonable person in his position would believe evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8).  *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 18 (2013).

¶7      We agree with the administrative judge that the appellant's first alleged disclosure pertaining to the reorganization of the MMS is not a protected

disclosure because it constitutes a policy disagreement with the agency's implementation of the Secretary of the Interior's order dividing the MMS into several smaller agency subcomponents. ID at 5-8. The record reflects that the Secretary of the Interior ordered the MMS to be divided into three new, separate subcomponents, including the Bureau of Ocean Energy Management (BOEM), to which the appellant was assigned. *See, e.g.*, PFR File, Tab 1 at 25-26.[2] Following the proposed subdivision, however, the appellant authored a position paper advocating for the creation of a plans division on both the BOEM's national and regional levels. IAF, Tab 6 at 7-9. After authoring this paper, the appellant alleged that the agency took several personnel actions against him based on his disclosure of, inter alia, gross mismanagement, a gross waste of funds, and an abuse of authority stemming from the decision not to create a plans division as suggested by the appellant. *Id*. at 32.

¶8        We agree with the administrative judge that the appellant's position paper does not constitute a protected disclosure under section 2302(b)(8) but rather embodies the appellant's policy disagreement with the agency's restructuring of the MMS and creation of the BOEM. ID at 8. The Board has held that the statutory protection for whistleblowers is not a weapon in arguments over policy or a shield for insubordinate conduct. *See O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 14 (2013), *aff'd*, 561 F. App'x 926 (Fed. Cir. 2014). Even under the expanded protections afforded to whistleblowers under the Whistleblower Protection Enhancement Act of 2012 (WPEA), general philosophical or policy disagreements with agency decisions or actions are not protected unless they separately constitute a protected disclosure of one of the categories of wrongdoing listed in section 2302(b)(8)(A). *See* 5 U.S.C.

---

[2] We have been unable to locate a copy of the Secretary's order in the record developed below. We take official notice of the Secretary's order pursuant to 5 C.F.R. § 1201.64.

§ 2302(a)(2)(D); *see also O'Donnell*, 561 F. App'x at 930 (citing the legislative history of the WPEA).

¶9    We recognize that, in *O'Donnell*, the Board, citing *White v. Department of the Air Force*, 391 F.3d 1377, 1382 (Fed. Cir. 2004), indicated that for a lawful policy decision to constitute gross mismanagement, its impropriety must not be "debatable among reasonable people." *O'Donnell*, 120 M.S.P.R. 94, ¶ 14. The legislative history of the WPEA criticizes *White*, however, stating that "[t]he requirement that the disclosure must lead to 'a conclusion that agency erred (that) is not debatable among reasonable people' could [cause confusion because] it could be read to require proof that the alleged misconduct actually occurred." S. Rep. No. 112-155 at 10 n.37 (2012). The Senate Committee Report thus emphasized that:

> [T]here should be no additional burdens imposed on the employee beyond those provided by the statute, and that this test—that the disclosure is protected if the employee had a reasonable belief it evidenced misconduct—must be applied consistently to each kind of misconduct and each kind of speech covered under section 2302(b)(8).
>
> The Committee notes that the requirement that the employee need show only reasonable belief applies, as well, in determining whether the narrow exception for policy disputes, added by S. 743, applies. *In other words, if an employee has a reasonable belief that the disclosed information evidences the kinds of misconduct listed in section 2302(b)(8), rather than a policy disagreement, the disclosure is protected.*

S. Rep. No. 112-115 at 10-11 (emphasis added). Based on the foregoing, consistent with congressional intent, we clarify *O'Donnell* here to emphasize that if an employee has a reasonable belief that the disclosed information evidences the kinds of misconduct listed in section 2302(b)(8), rather than a policy disagreement, it is protected.

¶10    Applying this standard, we concur with the administrative judge that the appellant's position paper is a policy disagreement with the agency's lawful decision to restructure the former MMS pursuant to the Secretary of the Interior's

directive, and we find that the appellant has otherwise failed to establish that he had a reasonable belief that the disclosed information evidenced the kinds of misconduct listed in section 2302(b)(8).[3]  *See* ID at 8.

¶11    We also find that the appellant failed to establish by preponderant evidence that he had a reasonable belief that he disclosed a violation of law, rule, or regulation when he engaged in an email exchange with several agency officials in July 2013 about proposed changes to permitting fees.  ID at 13; *see* IAF, Tab 43, Subtab 1 at 36-37.[4]  The record reflects that the appellant initially expressed uncertainty over a proposed change in the way the agency charged for certain drilling permits.  After receiving an email from the agency's Unit 2 Supervisor of the Environmental Operations Section concerning the proposed change, the appellant emailed a response, which stated, inter alia, that, "I still have a problem with this proposed policy and am unclear about it.  How can you . . . change the requirements of the regulations . . . when the reg[ulations] state for the fee for EPs is per surface location and for DOCDs per well[?]"  IAF, Tab 43, Subtab 1 at 36.  The Supervisor clarified in an email response sent shortly thereafter that

---

[3] A disclosure of gross mismanagement excludes management decisions which are merely debatable.  *See Ormond v. Department of Justice*, 118 M.S.P.R. 337, ¶ 11 (2012).  An employee discloses an abuse of authority when he alleges that a federal official has arbitrarily or capriciously exercised power which has adversely affected the rights of any person or has resulted in personal gain or advantage to himself or to preferred other persons, *see McCollum v. Department of Veterans Affairs*, 75 M.S.P.R. 449, 455-56 (1997), and an employee discloses a gross waste of funds when he alleges that a more than debatable expenditure is significantly out of proportion to the benefit reasonably expected to accrue to the government, *see Embree v. Department of the Treasury*, 70 M.S.P.R. 79, 85 (1996).  The appellant's policy paper contains no such disclosures because it fails to allege that the decision to restructure the MMS, as proposed, would result in personal gain to any person or would involve any expenditure of federal funds; rather, the recommendations advanced therein only reflect the appellant's opinion of the best way to restructure the MMS and constituted his disagreements with debatable management decisions.  IAF, Tab 6 at 7-9.

[4] The record demonstrates that this email communication took place over the course of approximately 20 minutes.

"[t]here is no change from the regulations." *Id.* The appellant thereafter responded, "I have no problem with the policy now that it has been clearly explained." *Id.*

¶12 Because the appellant's statements occurred in the context of a general discussion over a *proposed* policy, we conclude that the email was part of a policy discussion, the matters discussed therein were merely debatable, and a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could not reasonably conclude that they evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8). *See Chavez*, 120 M.S.P.R. 285, ¶ 18. That is, the appellant's email did not disclose an alleged violation of law, rule, or regulation; rather, it merely requested clarification about the proposed policy in light of his concerns that, if adopted, it could run afoul of the agency's regulations.[5] Accordingly, the appellant failed to establish by a preponderance of the evidence that he reasonably believed he disclosed a violation of law, rule, or regulation in his July 2013 email.[6]

---

[5] Although an appellant need not establish an actual violation of a law, rule, or regulation in order to demonstrate that he had a reasonable belief that the disclosure evidenced one of the categories of wrongdoing listed in section 2302(b)(8), an appellant's involvement and understanding of the subject matter at issue may be considered in determining whether he established that he had a reasonable belief that he disclosed a violation of law, rule, or regulation. *See Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 17 (2011) (an appellant does not have to establish an actual violation in order to have a reasonable belief that he disclosed one of the categories of wrongdoing under section 2302(b)(8)); *Smith v. Department of the Army*, 80 M.S.P.R. 311, ¶ 10 (1998) (an appellant's involvement with the subject matter may go to whether the appellant had a reasonable belief).

[6] In so ruling, we do not hold that statements occurring in the context of a policy discussion can never constitute a protected disclosure. As the WPEA amendments make clear, a communication concerning policy decisions that lawfully exercise discretionary authority is not a disclosure *unless* the employee reasonably believes that the disclosure evidences any violation of any law, rule, or regulation; or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(a)(2)(D). Rather, we hold only that, under the circumstances of this case, the appellant's comments in his July

¶13      In light of the foregoing, we do not rely on the administrative judge's conclusion that the appellant's disclosure was unprotected because he subsequently stated that he understood the basis for the proposed change and had "no problem with the policy now that it has been clearly explained."[7]  ID at 13. Based on the appellant's subsequent statement, the administrative judge found that the appellant could not establish that he had a reasonable belief that he had disclosed a violation of law, rule, or regulation.  ID at 12-13.  Under the statute, however, the test is whether the appellant had a reasonable belief that he was disclosing a violation of law, rule, or regulation at the time he made the disclosure, not in light of events or conversations occurring thereafter.  5 U.S.C. § 2302(b)(8).  Accordingly, we VACATE this portion of the initial decision.

¶14      The administrative judge's initial decision denying corrective action is AFFIRMED AS MODIFIED.  The appellant's petition for review is DENIED.

## ORDER

¶15      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

---

2013 email were communications concerning policy and that, in making them, he failed to establish that he reasonably believed that he was disclosing one of the categories of wrongdoing under section 2302(b)(8).

[7] On review, the appellant argues that he continued to express concern over the agency's proposed policy change and that his opinion never changed.  *See* PFR File, Tab 1 at 15.  In support of this argument, the appellant relies on a separate email conversation from September 2013 which references his continued disagreement with the proposed policy change.  *Id*. at 37.  To the extent that the appellant may have made separate disclosures concerning any renewed, or different, concerns he might have had with the policy change, he did not exhaust those putative disclosures with OSC and they are not before the Board.  *See Coufal v. Department of Justice*, 98 M.S.P.R. 31, 38 (2004) (the Board's jurisdiction in an IRA appeal is limited to issues raised before OSC); IAF, Tab 6 at 4 (listing the last disclosure made on July 22, 2013), Tab 1 at 21 (same).

<u>NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS</u>

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal

Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.